# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| TAVARS D. LYNCH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:22-cv-00599-ACA-JHE |
| DANNY SHEARS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Tavars D. Lynch filed a *pro se* second amended complaint under 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States. (Doc. 22). Mr. Lynch names as defendants Calhoun Commissioner Danny Shears, Calhoun County Circuit Judge Debra Jones, Oxford Mayor Alton Craft, Oxford Police Chief Tim Parsons, Calhoun County District Attorney Brian McVeigh, and Mary Kathryn Lynch. (*Id.* at 1).

On July 3, 2023, the magistrate judge entered a report recommending that the court dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted. (Doc. 30). Specifically, the magistrate judge concluded that: (1) Mr. Lynch fails to associate Shears, Craft, and Parson with a constitutional violation; (2) Jones and McVeigh are immune from suit; (3) Mary Kathryn Lynch is not a state actor under 42 U.S.C. § 1983; and (4) Mr. Lynch's

requests for injunctive and/or declaratory relief based on his arrest and pretrial detention are due to be denied based on the abstention doctrine in *Younger v. Harris*, 401 U.S. 37, 43–45 (1971). (Doc. 30 at 5–11).

This matter is before the court on a review of Mr. Lynch's objections to the report and recommendation. (Doc. 37).

Mr. Lynch objects to the dismissal of his claims against Shears, Craft, and Parsons and contends they are liable for "knowing that the liberty of a person is in question," and they should have known that "the person making the false statements . . . has lied under oath." (Doc. 35 at 1). However, like his second amended complaint, Mr. Lynch provides no factual support for how each defendant personally violated his constitutional rights and the court is left to merely guess at what Mr. Lynch could be alleging. A complaint fails to state a claim when the factual allegations are insufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Accordingly, the court **OVERRULES** Mr. Lynch's objections to the dismissal of his claims against Shears, Craft, and Parsons.

Mr. Lynch next objects to the dismissal of his claims against Jones and McVeigh. (Doc. 35 at 2–3). But Mr. Lynch does not address the magistrate judge's conclusion that Jones and McVeigh are immune from suit in their capacity as a state

judge and prosecutor, respectively. Accordingly, the court **OVVERULES** Mr. Lynch's objections to the dismissal of his claims against Jones and McVeigh.

After careful consideration of the record in this case, the magistrate judge's report and Mr. Lynch's objections (doc. 35), the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation and 28 U.S.C. § 1915A(b)(1), the court **WILL DISMISS** this action **WITHOUT PREJUDICE** for failing to state a claim upon which relief may be granted.

The court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this August 24, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

3